IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FINANCIAL INDEMNITY COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 10-cv-0340-MJR-CJP |
| ) | |
| AMANDA S. CARTER, VICKY HOLT, ) | |
| HAL BROWN, KATELYN LAWRENCE, ) | |
| and JOSHUA DAVID SHAW, ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM AND ORDER

REAGAN, District Judge:

Before the Court is Defendant Vicky Holt's and Hal Brown's ("Defendants'") Motion to Dismiss or, in the Alternative, Motion to Remand (Doc. 9). Defendants' sparse motion misapprehends one of the basic components for federal jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. "For a case to be within the diversity jurisdiction of the federal courts, diversity of citizenship must be 'complete,' meaning that no *plaintiff* maybe be a citizen of the same state as any *defendant*." *Fidelity and Deposit Co. of Md. v. City of Sheboygan Falls*, 713 F.2d 1261, 1264 (7th Cir. 1983), *quoting Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806) (emphasis added).

Here, Defendants' allege that they are all "residents of Illinois thus destroying diversity jurisdiction" (Doc. 9, ¶ 5). This, of course, is incorrect. First, what matters for

purposes of diversity is the *citizenship* of the parties; not merely their residency. *See Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002); *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998). Second, here, Plaintiff Financial Indemnity Company alleges that it is a corporate citizen of both the State of California and the State of Texas, *see* 28 U.S.C. § 1332(c)(1) (a corporation is deemed a citizen of both the state of its principal place of business and of any state by which it has been incorporated), and that all defendants are citizens of the State of Illinois. Thus, no plaintiff is a citizen of the same state as any defendant, and diversity jurisdiction is "complete" and valid.

Finally, Defendants' alternative Motion to Remand is not proper because an action originally filed in federal court may not be remanded to state court. *See generally*, 28 U.S.C. § 1441. For an action to be remanded, it first must have been removed from state court. A separate, potentially similar, action pending in state court is of no consequence to this rule.

In sum, Defendants' Motion to Dismiss or, in the Alternative, Motion to Remand (Doc. 9) is both improper and lacking in merit. As a result, the motion is **DENIED**.

IT IS SO ORDERED.

DATED December 6, 2010.

/s/ *Michael J. Reagan*
MICHAEL J. REAGAN
United States District Judge